**UNITED STATES of America,**

v.

**Ronnie J. GREER, Defendant**

**No. 4:04–CR–06 (CDL).**

United States District Court, M.D. Georgia, Columbus Division.

Feb. 17, 2005.

Mr. Clark Coleman Adams, Jr., Columbus, GA, for Defendant.

Mr. John L. Lynch, Columbus, GA, for Plaintiff.

## ORDER

LAND, District Judge.

At Defendant's sentencing hearing on February 17, 2005, the Court announced that as part of its sentence Defendant was to be confined to the custody and control of the Bureau of Prisons for a period of 78

months. This sentence was at the top of the Federal Sentencing Guidelines advisory range that was calculated without application of the mandatory minimum fifteen year sentence for armed career criminals as provided for in 18 U.S.C. § 924(e)(1). This Order explains in further detail the Court's sentence in this case and its rationale.

The Defendant was found guilty by a jury on September 23, 2004, of being a felon in possession of ammunition. 18 U.S.C. § 922(g)(1). The evidence presented at trial supported a finding that Defendant was a convicted felon and was in possession of one pistol cartridge, two rifle cartridges, and one shotgun shell. No evidence was presented that Defendant possessed any weapons. Moreover, the jury made no findings as to the violent nature of Defendant's prior felony convictions.

At the conclusion of the trial, the Court referred the matter to the U.S. Probation Office to conduct a presentence investigation and prepare a presentence report. The presentence report prepared by the Probation Office calculated Defendant's guideline sentence range based in part upon a factual finding that Defendant had "three previous convictions for a violent felony" as contemplated by 18 U.S.C. § 924(e)(1), thus making him an "Armed Career Criminal" under the Federal Sentencing Guidelines ("Guidelines"). Presentence Investigation Report ("PSR") at

¶ 16, *citing* United States Sentencing Guidelines ("USSG") § 4B1.4(b)(3)(B). This finding mandates a minimum mandatory sentence of fifteen years. 18 U.S.C. § 924(e)(1).[1] Under the PSR, Defendant's Guideline range is 188 to 235 months. PSR at ¶¶ 9–14 and 15–18. If Defendant's sentence were not enhanced pursuant to § 924(e)(1), the applicable statutory maximum would be ten years, 18 U.S.C. § 924(a)(2), and the Guideline range would be 63 to 78 months.[2] Therefore, the application of § 924(e)(1) increases Defendant's minimum sentence from 63 months to 188 months and increases his maximum possible sentence from 78 months to 235 months.

At the first sentencing hearing on December 20, 2004, the Court expressed concerns about the applicability of 18 U.S.C. § 924(e)(1) given the fact that the jury did not find that the Defendant had previously committed three "violent" felonies and based upon the nature of those prior felonies.[3] The Court continued the sentencing hearing to permit the parties to address the Court's concerns in written briefs which the parties have now done.

After the Court continued Defendant's first sentencing hearing, the U.S. Supreme Court decided *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), declaring the mandatory nature of the Federal Sentencing Guidelines to be unconstitutional under the Sixth Amend-

---

**1.** 18 U.S.C. § 924(e)(1) states in relevant part: "In the case of a person who violates section 922(g) [felon in possession of weapon or ammunition] and has three previous convictions ... for a violent felony ..., such person shall be ... imprisoned not less than fifteen years...."

The term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year ... that has as an element the use, attempted use, or threatened use of physical force against the person of another...." 18 U.S.C. § 924(e)(2)(B).

**2.** Without the enhancement pursuant to § 924(e)(1) and USSG 4B1.4, Defendant's total offense level would be 24, instead of 33, and his criminal history category would be III, instead of IV.

**3.** The Government introduced into evidence at trial certified copies of Defendant's three previous state felony convictions for terroristic threats occurring in 1989, 1993, and 2000. However, the jury made no finding as to whether the elements of those offenses constituted "violent" felonies as defined by 18 U.S.C. § 924(e)(2)(B).

ment to the United States Constitution. The Government takes the position that *Booker* has no application to the minimum mandatory fifteen year sentence in this case because *Booker* addressed only the Sentencing Guidelines and not statutory minimum mandatory sentences enacted by Congress. Therefore, the Government argues that notwithstanding *Booker*, the Court cannot sentence the Defendant in this case to a sentence of less than fifteen years for the possession of three cartridges and a shotgun shell. The Court disagrees.

The Government ignores the rationale of *Booker*. Although *Booker's* precise holding is limited to the Guidelines, the rationale expressed in *Booker* and previously enunciated in *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), clearly stands for the constitutional principle that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 755. In a mandatory sentencing scheme where a judge has no discretion in his application of the law to determine a particular sentence, it is constitutionally irrelevant whether the mandatory sentence was enacted by Congress in the form of a statute or promulgated by the Sentencing Commission in the form of a binding guideline.[4] *Id.* at 751.

In this case, the jury did not find that the Defendant had three previous violent felonies. To reach its verdict, it only had to find that the Defendant had one prior felony. In fact, the Court's instructions to the jury make it clear that the jury never considered whether the Defendant had committed three previous "violent" felonies. *See* Court Trial Exhibit 1, Charge No. 3. It is therefore undisputed that the jury in this case did not find the requisite facts supporting the fifteen year minimum mandatory sentence. Moreover, the Defendant, who pleaded not guilty to the charges, certainly did not admit the facts supporting the mandatory minimum sentence. Consequently, the issue is whether under the rationale of *Booker* and *Blakely* the Defendant had a constitutional right to require the Government to prove beyond a reasonable doubt to the satisfaction of a unanimous jury that he previously had been convicted of three violent felonies or whether, as the Government urges, it is constitutionally sufficient for the judge to find those facts by a mere preponderance of the evidence.

The Government, citing *Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), argues that a defendant's criminal history based upon prior convictions is merely a sentencing factor that does not have to be submitted to a jury and proved beyond a reasonable doubt.[5] However, the judicial

---

**4.** As explained by the Court in *Booker*, "[r]egardless of whether Congress or a Sentencing Commission concluded that a particular fact must be proved in order to sentence a defendant within a particular range, the Framers would not have thought it too much to demand that, before depriving a man of [ten] more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to the unanimous suffrage of

twelve of his equals and neighbors, rather than a lone employee of the State." *Id.quoting Blakely*, 542 U.S. at ——, 124 S.Ct. at 2543 (internal quotations omitted).

**5.** Although unnecessary to the Court's holding in *Booker*, the majority in *Booker* in reaffirming *Apprendi* appears to confirm that the constitutional principle announced in *Apprendi* and followed in *Blakely* and *Booker* does not

factfinding urged by the Government in this case goes beyond a simple ministerial determination as to whether a defendant has previously been convicted of a crime. It requires the Court to evaluate the qualitative nature of the prior convictions to determine whether they were "violent" as contemplated by 18 U.S.C. § 924(e). Determining the factual nature of a prior conviction is materially different from simply finding the existence of a prior conviction for recidivism purposes. The Court finds that the Sixth Amendment to the Constitution, as interpreted in *Booker* and *Blakely*, reserves this type of factfinding for jury determination.

 To avoid misinterpretation of this Order, the Court finds it appropriate to articulate the narrow application of its ruling. First, it applies only to *mandatory* sentence enhancements. Second, it applies only to sentence enhancements that are based upon "the nature of a prior conviction" and not "the fact of a prior conviction." Third, it does not require a jury finding if an examination of the fact of the prior conviction combined with an evaluation of the essential elements of the offense unambiguously establish that the prior conviction falls in the category of offenses necessary for the application of the enhancement. Fourth, if it is necessary to look at factors beyond the fact of the prior conviction and the essential elements of the offense (such as the indictment, the plea agreement, and the jury charges), then a jury must make the factual finding to support the application of the enhancement. Finally, in its evaluation, the jury shall not re-determine whether the Defendant is guilty of the offense for which he was previously convicted, but the jury's evaluation shall be limited to determining whether the essential elements necessary for that previous conviction authorize the application of the enhancement.[6]

In this case, the Defendant has not admitted that he has three prior "violent" felony convictions, and the trial jury made no such finding. Furthermore, the fact that the prior convictions were for making terroristic threats does not unambiguously establish that the essential elements for those offenses qualify those offenses as violent felonies under § 924(e)(1). Section 924(e)(1) requires that the convictions involve the use, attempted use, or threatened use of physical force against another person. 18 U.S.C. § 924(e)(2)(B). The Georgia criminal offense for terroristic threats states in relevant part:

> A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence, to release any hazardous substance ... or to burn or damage property with the purpose of terrorizing another or of causing evacuation of a building ... or of otherwise causing serious public inconvenience or in reckless disregard of causing such terror or inconvenience ....

O.C.G.A. § 16–11–37(a).

Therefore, a person could violate this statute by "threaten[ing] to commit any crime of violence" and that conviction would be a "violent" felony under § 924(e)(1). However, one could also vio-

---

apply to prior criminal convictions. *Booker,* at 755. For purposes of this Order, the Court accepts this exception as binding upon it, although it clearly appears to be dicta. The precise issue presented for this Court's resolution is what that exception means and how it should be applied in light of *Booker.*

6. Although they did not involve the issue of who the factfinder should be (the judge or a jury), the cases of *Taylor v. U.S.*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and *U.S. v. Rucker*, 171 F.3d 1359 (11th Cir.1999) appear to take the same approach suggested by this Court as to the appropriate extent of the factfinding.

late this statute by threatening "to release any hazardous substance." It is also possible to violate the statute by threatening to "damage property with the purpose of causing evacuation of a building or ... causing serious public inconvenience or in reckless disregard of causing such ... inconvenience." Threatening to release a hazardous substance or threatening to damage a building for the purpose of causing its evacuation or to cause inconvenience does not necessarily involve the use, attempted use, or threatened use of physical force against another person. Consequently, a conviction under this statute is not necessarily a conviction for a violent felony. The fact of the conviction alone does not unambiguously establish that a conviction for violation of the statute is a violent felony for purposes of § 924(e)(1). To determine the nature of the conviction, it is necessary to go beyond the fact of conviction and examine other evidence. The Court acknowledges that substantial additional evidence beyond the fact of the conviction is available in this case to prove that Defendant's three prior convictions were violent ones.[7] However, the issue is who should evaluate that evidence and make a factual finding based upon it. The Court finds that under *Booker, Blakely, and Apprendi*, it would be a violation of Defendant's Sixth Amendment right to impose a *mandatory* minimum fifteen year sentence based solely upon a judge's factual finding that Defendant's three prior felonies were "violent." Accordingly, Defendant must be sentenced as a felon in possession of ammunition under 18 U.S.C. § 922(g) without application of the mandatory sentence provided for in 18 U.S.C. § 924(e)(1).

In determining Defendant's sentence, the Court considered the advisory Guideline range that would have been calculated had the § 924(e) prior violent felony enhancement not been applied. That advisory Guideline range is 63 to 78 months based upon a total offense level of 24 and criminal history category of III.[8] After considering this advisory Guideline range, the Court imposed a sentence that included a prison term of 78 months. The Court found that its sentence in this case was appropriate in light of the advisory Guidelines, a consideration of the factors set forth in 18 U.S.C. § 3553(a), and its interpretation of *Booker*.

7. Each of the indictments relating to Defendant's three prior convictions for making terroristic threats charges the Defendant with threatening to commit a crime of violence. Furthermore, the specific allegations in the indictment would support a finding that the offenses involved the threatened use of force against another person, thus making them violent felonies for enhancement purposes. The indictments relating to the 1989 and 1993 convictions allege that the Defendant threatened to murder someone. The 2000 conviction arose from an indictment alleging that the Defendant simulated using a pistol against someone while intoxicated. Although not material to the Court's conclusions in this case, the Court does find it curious that Defendant was sentenced to probation for each of these offenses. Govt. Ex. 1, Feb. 17, 2005 Sentencing Hearing.

8. The calculation of this advisory Guideline range includes a ten level enhancement pursuant to U.S.S.G. 2K2.1(a)(2) based upon the Court's finding by a preponderance of the evidence that Defendant had been convicted of two previous violent felonies. Without this Guideline enhancement, Defendant's offense level would be 14 and his criminal history category III, yielding an advisory Guideline range of 21 to 27 months. The Court finds that its application of the *advisory Guidelines* "previous violent felonies enhancement" is consistent with *Booker* because its application is not mandatory; whereas application of the statutory 924(e)(1) "15 year minimum mandatory enhancement" would be inconsistent with *Booker* because that enhancement is *mandatory*.

## CONCLUSION

This Court, which has great respect for the separation of powers and the authority of Congress to enact sentencing legislation, does not reach the foregoing conclusions hastily. While the Court has concluded that under the facts of this case it does not have the constitutional authority to send this Defendant to jail for a minimum of fifteen years for possessing three cartridges and a shotgun shell, its narrow ruling should not portend a future wholesale disregard by this Court of minimum mandatory sentences enacted by Congress. The Court simply holds that before such a sentence can be imposed under the particular circumstances presented in this case, the Constitution requires the Government to go to the modest inconvenience of proving to a jury beyond a reasonable doubt the facts upon which such mandatory minimum sentence is based.[9]

---

9. Since the issue is not presently before the Court, the Court expresses no opinion as to whether Defendant's right not to be subjected to double jeopardy would prevent the Government from trying the Defendant at this stage of the proceedings solely on the issue of whether his sentence must be enhanced pursuant to 18 U.S.C. § 924(e)(1).