**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Respondent-Appellee,

v.

DONALD RAY CARTER,

   Petitioner-Appellant.

No. 05-5179

Northern District of Oklahoma

(D.C. Nos. 04-CV-794-HDC and 01-CR-116-HDC)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Donald Ray Carter, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Carter has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. Background

On January 10, 2002, Mr. Carter pleaded guilty to one count of possession of a firearm after prior conviction of a felony, in violation of 18 U.S.C. § 922(g). The district court calculated Mr. Carter's sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which carries a mandatory minimum sentence of fifteen years, and sentenced him to 192 months imprisonment.

Mr. Carter entered his plea on the condition that he be allowed to appeal the district court's denial of a motion to suppress. On appeal, this Court affirmed the denial of the motion, *United States v. Carter*, 64 Fed. App'x 109 (10th Cir. 2003), and the United States Supreme Court subsequently denied Mr. Carter's writ of certiorari. *Carter v. United States*, 540 U.S. 846 (2003).

Mr. Carter then filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. Mr. Carter argued that both his trial and appellate counsel were ineffective for failing to challenge the fact-finding procedure used by the district court to determine Mr. Carter was an armed career criminal. He further argued that counsel was ineffective for failing to challenge the district court's conclusion that two prior Oklahoma convictions for second-degree burglary constituted "violent felonies" for purposes of 18 U.S.C. § 924(e)(1). The district court denied the motion on the merits, holding that because Circuit precedent allows district judges to make

factual findings about prior convictions, Mr. Carter's counsel was not ineffective for failing to challenge the court's fact-finding procedure. The court also held that Mr. Carter's second-degree burglary convictions satisfy the requirements of the Armed Career Criminal Act and that counsel's performance was not defective for failing to object to that conclusion. The district court did not act on the issue of whether to grant a COA, and we deem the district court's failure to act a denial of a COA. 10th Cir. R. 22.1(C). Mr. Carter now petitions this Court to grant his request for a COA.

## II. Claims on Appeal

The denial of a motion for relief under § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

In order to establish an ineffective assistance claim sufficient to warrant reversal of a conviction or a sentence, a convicted defendant must show both that counsel's performance was so seriously deficient as to fall below an objective

standard of reasonableness, and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The ultimate question, according to the Supreme Court, is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produced a just result." *Id*. at 686.

**A. *Judicial Fact-Finding***

Mr. Carter argues that counsel had a duty to object to the district court's consideration of the nature of his prior convictions, as opposed to the mere existence of the convictions, in sentencing him under the Armed Career Criminal Act. Mr. Carter relies on *United States v. Greer*, 359 F. Supp. 2d 1376, 1379-80 (M.D. Ga. 2005), to show that at least one federal district judge has ruled that the Sixth Amendment requires juries, not judges, to make such determinations. The Eleventh Circuit recently reversed the decision in *Greer*, finding that the district court's analysis contradicted both Supreme Court and Circuit precedent, both of which establish that judges have authority to engage in factual inquiries about prior convictions. *See United States v. Greer*, 440 F.3d 1267, 1273-74 (11th Cir. 2006) (concluding that the district court's decision cannot be reconciled with *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or *United States v. Shelton*, 400 F.3d 1325 (11th Cir. 2005)).

As the district court below correctly observed, this Court has recognized that "[b]ecause determining whether a given felony constitutes a 'violent felony'

is a question of law and not fact, the Sixth Amendment does not require that determination to be made by a jury." *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005). Therefore, counsel was not ineffective for failing to challenge the court's fact-finding authority.

**B. *Full Faith and Credit Clause***

Mr. Carter also argues that his second-degree burglary convictions, which the State of Oklahoma classified as non-violent felonies, have been unconstitutionally re-classified as violent felonies by the district court. Mr. Carter contends that Oklahoma's final judgment in each of his burglary convictions must be respected by the federal government as well as other states under the Full Faith and Credit Clause of the Constitution. U.S. Const. art. IV, § 1.

Mr. Carter relies on a concurring opinion from the Eighth Circuit to support his position that federal courts are bound by the Full Faith and Credit Clause to adopt state judicial characterizations of violent or non-violent felonies as their own. *See United States v. Davis*, 417 F.3d 909, 914 (8th Cir. 2005) (Bright, J., concurring) (arguing that our federal system requires federal courts to "respect the character of state judicial proceedings, as determined by the states themselves.") We are not persuaded. Even if the Full Faith and Credit Clause were binding on federal courts – which it is not, *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) – the characterization of state court judgments

to determine their consequences under the United States Sentencing Guidelines is a federal question. It does not accord a state judgment less than full faith and credit for a federal court to determine its effect on a subsequent federal sentence under federal law. One of the overriding purposes of the Sentencing Guidelines (even in their post-*Booker* advisory form) is to reduce unwarranted disparities in sentencing. This is best achieved by applying a uniform national standard to the characterization of prior convictions. Mr. Carter's counsel was not constitutionally deficient for refraining from arguing otherwise.

### III. Conclusion

Accordingly, we **DENY** Donald Ray Carter's request for a COA and **DISMISS** this appeal. We also **DENY** his request to proceed *in forma pauperis*.

Entered for the Court,

Michael W. McConnell
Circuit Judge