United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30751

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL EMMETT FAZANDE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Defendant Paul Emmett Fazande pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to 240 months of imprisonment and ten years of supervised release. Mr. Fazande now appeals his sentence, claiming that the district court should not have considered a prior Texas deferred adjudication proceeding for the purpose of enhancing

1

his sentence.  We AFFIRM.

## I.

On October 26, 2005, a federal grand jury indicted Mr. Fazande on two counts:  (1) conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1).  The government also filed a bill of information, pursuant to 21 U.S.C. § 851,[1] notifying Mr. Fazande that it intended to seek enhanced punishment under 21 U.S.C. § 841(b)(1)(A) based on his 1995 Texas state conviction for possession of less than a gram of cocaine.

That same day, Mr. Fazande pleaded guilty to Count 1 of the indictment, expressly reserving the right to challenge the sentence enhancement. On June 2, 2006, he filed his objections, asserting that, because the Texas prosecution resulted in the imposition of deferred adjudication probation, it was not a

---

[1] 21 U.S.C. § 851 provides, in pertinent part:  "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ."  21 U.S.C. § 851(a)(1).

"final" conviction and could not be used to enhance his sentence under the enhancement provisions of 21 U.S.C. § 841(b). See id. § 841(b)(1)(A) (providing enhanced punishments for convictions involving 50 grams or more of methamphetamine, or 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, if the offense occurs "after a prior conviction for a felony drug offense has become final"). The district court overruled Mr. Fazande's objections and sentenced him to the mandatory minimum of 240 months, plus ten years of supervised release.

## II.

This court has held that a "guilty plea that resulted in a deferred adjudication [constituted] a 'prior conviction' for purposes of sentence enhancement" under § 841(b)(1)(A). See United States v. Cisneros, 112 F.3d 1272, 1281 (5th Cir. 1997) (rejecting defendant's argument that "because he had successfully completed his two-year deferred adjudication probation," that offense "could not be used to enhance his punishment . . . under § 841(b)(1)(A)"). Similarly, this court has held that the meaning of the phrase "have become final" in § 841(b)(1)(B) is a question of federal law, not state law. United States v. Morales, 854 F.2d 65, 68 (5th Cir. 1988).

3

Neither Morales nor Cisneros, however, address the applicability of the Full Faith and Credit Act. Mr. Fazande concedes that Cisneros likely controls his case, but argues that the decision should be overturned because both it, and the district court's decision in his case, run afoul of the Full Faith and Credit Act, 28 U.S.C. § 1738. In short, Mr. Fazande asserts that the district court's decision to permit his 1995 Texas deferred adjudication to be used to enhance his sentence violates the Full Faith and Credit Act's provision that the judicial proceedings of other states "shall have the same full faith and credit within every court within the United States . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Id.

Although this court does not appear to have previously addressed Mr. Fazande's full faith and credit argument, the argument is meritless. The Full Faith and Credit Act obligates federal courts to give effect to the judgments of state courts, but the principles that underlie the Full Faith and Credit Act are simply not implicated when a federal court endeavors to determine how a particular state criminal proceeding is to be treated, as a matter of federal law, for the purpose of sentencing the defendant for a distinct and unrelated federal

4

crime.  A number of other circuits have reached this same conclusion, and we are aware of no decisions to the contrary. See United States v. Jones, 415 F.3d 256, 265 (2d Cir. 2005) ("[T]he principles of federalism and comity embodied in the full faith and credit statute are not endangered when a sentencing court, not questioning the propriety of the state's determination in any way, interprets how to apply New York's youthful offender adjudications to a Guidelines analysis.") (internal citation and quotation marks omitted); United States v. Guthrie, 931 F.2d 564, 571 (9th Cir. 1991) ("[D]octrines such as Full Faith and Credit, . . . and related jurisdictional principles, are inapplicable . . . where the issue is the role of prior state convictions in a federal sentencing scheme."); United States v. Carter, 186 F. App'x 844, 847 (10th Cir. 2006) (unpublished) ("It does not accord a state judgment less than full faith and credit for a federal court to determine its effect on a subsequent federal sentence under federal law."). Accordingly, we reject the  argument that the Full Faith and Credit Act prohibited the district court from considering his Texas deferred adjudication for sentencing purposes.

5

## CONCLUSION

For the reasons stated above, we AFFIRM Mr. Fazande's sentence.

**AFFIRMED.**