

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# USA v. Randolph

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Randolph" (2007). *2007 Decisions.* Paper 967.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/967

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4530

UNITED STATES OF AMERICA

v.

WILLIAM H. RANDOLPH,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 01-CR-00235
District Judge: The Honorable William L. Standish

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2007

Before: SMITH and GREENBERG *Circuit Judges*, and
POLLAK, *District Judge**

(Filed: June 11, 2007)

_____

OPINION

_____

SMITH, *Circuit Judge*.

William Randolph pled guilty to two counts of persuading a minor to engage in

---

*The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

sexually explicit conduct for the purpose of producing visual depictions under 18 U.S.C. § 2251(a). He was sentenced to 30 years in prison following the District Court's determination that his prior state court convictions for child molestation constituted three prior convictions related to sexual exploitation of children. This determination was made pursuant to the then governing statutory provision, 18 U.S.C. § 2251(d) (2001) (current version at 18 U.S.C. § 2251(e)). In this appeal, Randolph asserts a Sixth Amendment challenge to his enhanced sentence on the grounds that the District Court made a factual finding about the nature of his prior convictions in order to reach the 30-year mandatory sentence. We will affirm the sentence of the District Court.[1]

We exercise plenary review over the District Court's interpretation of 18 U.S.C. § 2251(d) and the possible Sixth Amendment implications of Randolph's sentence. *United States v. Parmelee*, 319 F.3d 583, 590 (3d Cir. 2003). Section 2251(d) provided that

> Any individual who violates ... this section shall be fined under this title or imprisoned not less than 10 years nor more than 20 years, ... but if such person has 2 or more prior convictions under this chapter, chapter 109A, or chapter 117, or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 30 years nor more than life.

18 U.S.C. § 2251(d) (2001). Randolph asserts that the District Court erred in imposing a 30 year sentence upon him as a result of his three prior offenses because in determining

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 18 U.S.C. § 1291.

that his three convictions for child molestation "relat[ed] to the sexual exploitation of children," the Court improperly looked beyond the fact of the existence of the prior conviction to the factual predicates of the offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).

Randolph seeks support for his position in *United States v. Greer*, 359 F. Supp. 2d 1376, 1379-80 (M.D. Ga. 2005). In that case, the District Court concluded that "[d]etermining the factual nature of a prior conviction is materially different from simply finding the existence of a prior conviction for recidivism purposes," and is a question that should be reserved for the jury. *Id.* at 1380. The Court of Appeals for the Eleventh Circuit rejected the District Court's conclusion, noting that "[t]he court was mistaken in [its] belief" that "if anything beyond the conviction itself and the statutory elements had to be considered in making the violent crime finding, the Constitution requires that the jury make it." *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006); *see also id.* at 1275-76 (conceding that the District Court's speculation that at least some of the *Almendarez-Torres* decision might be overruled by the Supreme Court "probably is correct," but cautioning against such prophesying). We agree with our sister court that sentencing courts may determine the nature of prior convictions for the purpose of applying statutory minimum sentences. However, in making this decision "the trial judge may not look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." *Id.* at 1275; *see Shepard v. United States*, 544 U.S. 13, 16 (2005).

As a panel of this Court previously noted, "[a]t the time of Randolph's guilty plea in 1978, Georgia's child molestation statute prohibited 'any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person.'" *United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004) (quoting GA. CODE ANN. § 26-2019 (1978)).[2] Thus, when the District Court determined that the three convictions for child molestation under Georgia law related to the sexual exploitation of children, the Court "focused only on the statutory definitions of those prior convictions," as it was required to do under the prevailing case law. *See, e.g.*, *United States v. Galo*, 239 F.3d 572, 582 (3d Cir. 2001). The Georgia statute on child molestation prohibits conduct directed at or with children which is intended to arouse or satisfy sexual desires. A conviction for such conduct relates to the sexual exploitation of minors.

We agree with the District Court's application of 18 U.S.C. § 2251(d) to Randolph and will affirm the sentence.

---

[2]In *Dixon v. State*, 596 S.E.2d 147 (Ga. 2004), the Georgia Supreme Court explained that "[t]he ... child molestation statute[] [is] part of a legislative framework aimed at protecting children from sexual exploitation and abuse." *Id.* at 148.