# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2823

_____

United States of America

*Plaintiff - Appellee*

v.

Antione Dion Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 9, 2015
Filed: July 20, 2015
[Unpublished]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Antione Dion Lewis pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841 and 846. At sentencing, the district court[1] determined that Lewis

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

was a career offender under the Guidelines based on his previous state court convictions for aggravated battery and distribution of a controlled substance. The district court sentenced Lewis to 188 months imprisonment, the low end of his Guidelines range. Lewis now appeals from his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Lewis first argues that the district court erred in determining that he is a career offender. To be a career offender under the Guidelines, a defendant must have, among other things, "at least two prior felony convictions of either a crime of violence or a controlled substance offense." United States Sentencing Commission, Guidelines Manual, § 4B1.1(a). Lewis contends that his prior controlled substance offense does not count toward this requirement because the Missouri state court in which he pled guilty to that offense suspended the imposition of his sentence and placed him on probation. Lewis does not dispute that a suspended imposition of sentence qualifies as a conviction under the Guidelines. See USSG § 4B1.2, comment. (n.1) (defining a "prior felony conviction" in part as "a prior adult federal or state conviction for an offense"); USSG § 4A1.2(a)(4) (stating that "convicted of an offense" "means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere"). But he asserts that a suspended imposition of sentence is not treated as a conviction under Missouri law, see Yale v. City of Independence, 846 S.W.2d 193, 194 (Mo. 1993) (en banc), and that the district court violated the Full Faith and Credit Clause and the Full Faith and Credit Act, 28 U.S.C. § 1738 (applying principles of full faith and credit to federal courts), when it applied the Guidelines—as opposed to Missouri law—to determine that his controlled substance offense qualified as a prior conviction under section 4B1.1. We review Lewis's claim de novo. United States v. Evans, 738 F.3d 935, 936 (8th Cir. 2014) (per curiam).

We are not convinced by Lewis's argument. First, "[t]he Full Faith and Credit Clause is . . . not binding on federal courts . . . ." Univ. of Tenn. v. Elliott, 478 U.S. 788, 799 (1986). Second, other circuits have repeatedly held that "the principles that

-2-

underlie the Full Faith and Credit Act are simply not implicated when a federal court endeavors to determine how a particular state criminal proceeding is to be treated, as a matter of federal law, for the purpose of sentencing the defendant for a distinct and unrelated federal crime." United States v. Fazande, 487 F.3d 307, 308-09 (5th Cir. 2007) (per curiam); United States v. Jones, 415 F.3d 256, 265 (2d Cir. 2005) ("[T]he principles of federalism and comity embodied in the full faith and credit statute are not endangered when a sentencing court, not questioning the propriety of the state's determination in any way, interprets how to apply [the state's adjudication] to a Guidelines analysis." (internal quotation marks and citation omitted)); United States v. Guthrie, 931 F.2d 564, 571 (9th Cir. 1991) ("We conclude doctrines such as Full Faith and Credit . . . are inapplicable in this context, where the issue is the role of prior state convictions in a federal sentencing scheme."); United States v. Carter, 186 F. App'x 844, 847 (10th Cir. 2006) (unpublished) ("[T]he characterization of state court judgments to determine their consequences under the United States Sentencing Guidelines is a federal question. It does not accord a state judgment less than full faith and credit for a federal court to determine its effect on a subsequent federal sentence under federal law."). We find the reasoning in these cases persuasive. Thus we conclude the district court did not err in applying the Guidelines to determine Lewis's status as a career offender.

This conclusion is supported by our cases holding that a suspended imposition of sentence qualifies as a final conviction for the purposes of 21 U.S.C. § 841(b) (providing sentencing enhancement for a defendant who commits a specified drug crime "after a prior conviction for a felony drug offense has become final"). See, e.g., United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998); see also United States v. Pritchett, 749 F.3d 417, 426 (6th Cir. 2014) (reasoning that "it makes sense" to treat a prior conviction the same under the career offender provisions as under § 841 "because interpreting the term 'conviction' differently for purposes of § 841 and the sentencing guidelines 'would disrupt uniformity in federal sentencing'" (quoting United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995) (per curiam))).

Lewis next argues that the district court erred by treating the Guidelines as mandatory. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). If true, Lewis's charge that the district court treated the Guidelines as mandatory would constitute procedural error. See United States v. Booker, 543 U.S. 220, 245 (2005). Upon review of the record, however, it is clear the district court did not misconstrue its obligation to treat the Guidelines as advisory. During the sentencing hearing, Lewis argued that he was not a career offender, stating, "We know that the sentencing guidelines indicate that suspended imposition of sentence is a conviction for federal purposes. However, I'm asking the Court to deviate from that policy . . . ." Tr. of Sentencing Hr'g at 6. The district court responded, "That's not a policy. That's the law." Tr. of Sentencing Hr'g at 6.

Lewis contends the district court's response shows it treated the Guidelines as mandatory. We disagree. The district court merely acknowledged that it would follow the Guidelines in determining Lewis's status as a career offender and in determining his Guidelines range. See Feemster, 572 F.3d at 460-61 ("'[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.'" (alteration in original) (quoting Gall, 552 U.S. at 49)). It never indicated the Guidelines range was binding. To the contrary, our review of the sentencing proceedings and the district court's statements confirms that the district court properly recognized that the Guidelines were advisory when it considered both departures and variances. There was no procedural error.

Lewis finally argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. Id. at 461. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an

improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted). "Because the district court adopted a within-Guidelines sentence, we presume the sentence is reasonable, and [Lewis] carries the burden of rebutting this presumption." United States v. Beasley, 688 F.3d 523, 535 (8th Cir. 2012).

Lewis concedes that the district court considered only the appropriate factors under 18 U.S.C. § 3553(a), but maintains it committed a clear error of judgment in weighing the nature and circumstances of his offense more heavily than his mitigating history and characteristics. However, "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011). Nothing in the record convinces us the district court abused its discretion in weighing the section 3553(a) factors.

For the foregoing reasons, we affirm Lewis's sentence.

_____