# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

Lyle W. Cayce
Clerk

No. 10-10914
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-67-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Manuel Guerrero, federal prisoner # 29093-177, appeals the 235-month prison sentence imposed after his guilty plea conviction for conspiracy to possess 100 kilograms or more of marijuana with intent to distribute. He claims that the district court erred in applying the career offender enhancement because one of his Texas state convictions on which the district court relied was obtained in violation of his Sixth Amendment right to counsel. Although a defendant generally may not collaterally attack a prior state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction that is used to enhance his federal sentence, Texas state law allows such an attack when the defendant alleges that the conviction was "void" or "tainted by a constitutional defect." *United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). We also review de novo claims that the district court incorrectly applied constitutional standards. *See United States v. Hughes*, 602 F.3d 669, 672 (5th Cir. 2010).

Guerrero asserts that his 2001 Texas guilty-plea conviction for possession of methamphetamine with intent to deliver, for which he received a deferred disposition of 10 years community supervision, cannot be used for purposes of the career offender enhancement because it was obtained in violation of his Sixth Amendment rights; specifically, that he was not represented by counsel and did not waive his right to counsel during the subsequent *in absentia* probation revocation proceedings that he requested. He asserts that the corrected judgment setting aside the deferred adjudication order and imposing a five-year sentence was not entitled to a presumption of regularity or truthfulness regarding whether he waived his right to counsel. He also contends that the deferred adjudication order cannot be used as a prior felony conviction because, pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, the provision in the corrected judgment setting aside the deferred adjudication order must be given full effect even though the corrected judgment is invalid for purposes of the career offender enhancement.

Section 4A1.2(f) of the United States Sentencing Guidelines states that "[a] diversionary disposition resulting from a finding or admission of guilt . . . in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." Guerrero concedes that he was represented by counsel when he entered his guilty plea, and he does not claim that his constitutional

rights were violated during the guilty-plea hearing. Accordingly, the deferred adjudication order could not have been tainted by a Sixth Amendment constitutional violation.

The commentary to the Guidelines makes clear that "[s]ection 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court," thus, reflecting a "policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." § 4A1.2, comment. (n.9). Furthermore, even when a conviction has been set aside or a defendant has been pardoned "for reasons unrelated to innocence or errors of law," the sentence is still counted. § 4A1.2, comment. (n.10). Guerrero presents no evidence that the deferred adjudication order was set aside because of his innocence or some error of law. Consequently, the deferred adjudication still counts towards his status as a career offender. *See United States v. Daniels*, 588 F.3d 835, 837-38 (5th Cir. 2009).

We have not yet addressed whether, under circumstances like those of the instant case, revoking a defendant's probation *in absentia* amounts to a Sixth Amendment denial of counsel. We need not decide this question today, however, because — even if the corrected judgment adjudicating his guilt was without force and effect because of a violation of Guerrero's Sixth Amendment rights — its setting aside of the deferred adjudication order would also be null and void. Therefore, the deferred adjudication order would still be in effect and could serve as a proper predicate to establishing Guerrero's career offender status. *See* § 4A1.2(f); § 4A1.2, comment. (n.10).

Contrary to Guerrero's assertions otherwise, the Full Faith and Credit Act is not implicated in this case, as explained in *United States v. Fazande*, 487 F.3d 307, 308-09 (5th Cir. 2007). There, we concluded that the principles embodied in the full faith and credit statute are not applicable when "a federal court endeavors to determine how a particular state criminal proceeding is to be

treated, as a matter of federal law, for the purpose of sentencing the defendant for a distinct and unrelated federal crime."

The judgment of the district court is, in all respects, AFFIRMED.