# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

No. 13-10303
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VIRGIL SHAWN FORESTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-206-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Virgil Shawn Forester ("Forester") pleaded guilty to production and use of a counterfeit access device. He was sentenced to 81 months in prison which was above the advisory range of 46 to 57 months. The district court justified the sentence as a variance under 18 U.S.C. § 3553(a) or a departure from the sentencing guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10303

Forester argues that his 81-month sentence constitutes a cruel and unusual punishment in violation of the Eighth Amendment because it is disproportional to his offense conduct. We have set forth the following analytical rubric for considering such claims:

> When adjudicating an Eighth Amendment proportionality challenge, we must first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. Only if we conclude that the sentence is "grossly disproportionate" to the offense may we proceed to consider whether it offends the Eighth Amendment, under the test announced in *Solem*. If we conclude that the sentence is not "grossly disproportionate," our inquiry is finished, and we must defer to the will of Congress.

*United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997) (citing *Solem v. Helm*, 463 U.S. 277 (1983)) *abrogated on other grounds by United States v. O'Brien,* 560 U.S. 218 (2010). We have stated that *Rummel v. Estelle*, 445 U.S. 263 (1980), "establishes a benchmark for claims of disproportionate punishment under the Eighth Amendment." *Gonzalez*, 121 F.3d at 943. We have explained:

> In *Rummel,* the defendant had been sentenced to life imprisonment following his conviction for obtaining $120.75 by false pretenses, pursuant to a "recidivist statute" providing a mandatory sentence of life imprisonment for any defendant convicted of three felonies. Noting that the line-drawing function inherent in the determination of punishment is a matter within the discretion of the legislature, the Court held that the life sentence was not so grossly disproportionate as to offend the Eighth Amendment.

*Id.* (citing *Rummel*, 445 U.S. at 284-85). With respect to the assertion that his sentence was disproportionate to the severity of his crime, Forester's argument is conclusional. Furthermore, after considering *Rummel* as a benchmark, we are unpersuaded that Forester's sentence of 81 months for a fraud crime with a maximum penalty of ten years was "grossly disproportionate." Therefore,

we find that Forester's Eighth Amendment proportionality challenge is without merit.

Additionally, Forester argues that his sentence violates the Eighth Amendment "because it makes no measurable contribution to the acceptable goals of punishment." In the present case, the district court explained that Forester's sentence would act as a deterrence and protect the public. Both deterrence and incapacitation are legitimate penological goals. *See Graham v. Florida*, 560 U.S. 48, 71 (2010). Here, Forester does not explain how his sentence fails to meaningfully contribute to these acceptable goals of punishment. This argument is without merit.

Finally, it is unclear whether, apart from his Eighth Amendment challenge, Forester is challenging the reasonableness of his sentence. Therefore we will briefly address the reasonableness of his sentence. The district court described its sentence as either a departure or a variance. In this case, "the specific characterization is irrelevant . . . [if] the sentence imposed was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). Forester does not raise any procedural errors so we move directly to consideration of the substantive reasonableness of his sentence. *Id.* We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[1] *Gall v. United States*, 552 U.S. 38, 51 (2007).

At sentencing, the district court addressed Forester's extensive criminal history and stated that a variance was appropriate based on the 18 U.S.C. § 3553(a) factors. We have stated:

---

[1] If an issue is not properly preserved it is reviewed for plain error. *Brantley*, 537 F.3d at 349. Because Forester does not prevail under an abuse-of-discretion standard, we need not consider whether he properly preserved this issue.

"With respect to considering the § 3553(a) factors, '[a] non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'"

*United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).   Here, Forester has failed to demonstrate that the district court's sentence unreasonably failed to reflect the statutory sentencing factors.  We find that the district court did not abuse its discretion in sentencing Forester.  *Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.