# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41098
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY LEWIS WOODS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-106-8

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodney Lewis Woods appeals his 200-month within-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Because Woods committed the offense after two prior felony convictions for controlled substance offenses, he was considered a career offender under U.S.S.G. § 4B1.1. He now argues that his sentence violates the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41098

Eighth Amendment's prohibition against cruel and unusual punishment because his sentence is grossly disproportionate to his offense.

Although we ordinarily review claims of constitutional error de novo, *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000), we have applied a plain error standard of review to constitutional challenges not raised in the district court. *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012). Woods argued in the district court against the career offender designation and noted that "based on a proportionality argument, if . . . he wasn't a career offender, he would be in a range of 27 to about 36 months." Regardless whether this objection was sufficient to preserve the issue raised on appeal, Woods has failed to demonstrate any error, plain or otherwise.

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are 'cruel and unusual.'" *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (citation omitted). In determining whether a sentence is unconstitutionally disproportionate, we make a threshold comparison of the gravity of the offense against the severity of the sentence. *See United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (citing *McGruder*, 954 F.2d at 316).

When measured against the benchmark in *Rummel v. Estelle*, 445 U.S. 263 (1980), Woods's sentence is not grossly disproportionate to the severity of his controlled substance offense. *See United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218, 234 (2010). Thus, no further comparison is required. *See McGruder*, 954 F.2d at 316. Moreover, Woods's sentence was within the Guidelines, which are a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED.