# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40258

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TAYLOR ALAN MILLS,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Taylor Alan Mills pleaded guilty pursuant to a plea agreement to coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b) and was sentenced to a 300-month term of imprisonment to be followed by a life term of supervised release. Mills appeals his sentence, claiming that the district court should not have considered his prior Texas deferred adjudication for the purpose of enhancing his sentence and, in the alternative, that his 300-month sentence violates the Eighth Amendment. We affirm.

No. 16-40258

## I.

On September 12, 2015, an undercover detective with the Corpus Christi Police Department posted an ad on the website Craigslist entitled "Family Fun Taboo." The ad read: "mother of two, young, hit me up if you want to hook up and have some family fun." Using the alias "Alan Pepsi," Mills responded and began communicating with the detective, who represented to Mills that she was a mother of two children ages 11 and 14.

At Mills's request, the detective sent him photographs of the two children, which were actually age-regressed photographs of two Corpus Christi police officers. In return, Mills sent the detective explicit photographs of himself and asked the detective to show the photographs to the two children. He also described various sex acts he intended to engage in with the children. The conversations culminated in Mills agreeing to meet the detective at a designated hotel to engage in sexual activity with the children. When Mills arrived at the pre-arranged meeting place, he was arrested. Mills admitted to the police that he had come to the hotel with the intent to have sex with the two children, whom he believed to be 11 and 14 years old. At the time of his arrest, Mills was in possession of a condom and other sex paraphernalia.

Mills pleaded guilty pursuant to a plea agreement to using a facility and means of interstate and foreign commerce—i.e., a telephone and a computer connected to the internet—to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). In calculating Mills's advisory Sentencing Guidelines range for inclusion in his Pre-sentence Report, the probation office determined that Mills was a repeat and dangerous sex offender pursuant to U.S.S.G. § 4B1.5(a), because he had committed his instant offense subsequent to sustaining a prior sex offense conviction.

No. 16-40258

This determination was based on Mills's 2013 guilty plea in Texas state court to two counts of Online Solicitation of a Minor and one count of Indecency with a Child, in violation of Texas Penal Code §§ 33.021 and 21.11. In 2012, Mills began communicating with a 16-year-old high school student on Facebook, including sending her sexually-explicit messages. Mills additionally picked up the victim from her school on at least one occasion and, according to the victim, exposed himself to her while she was in his vehicle. For this offense, Mills received what Texas law refers to as a "deferred adjudication." After receiving and entering Mills's guilty plea and making a finding that the evidence substantiated Mills's guilt, the Texas court imposed ten years of confinement, but probated it to ten years of community supervision, subject to a number of conditions. At the time of sentencing for his instant federal offense, Mills was still under his Texas deferred adjudication probation term.

As a result of the § 4B1.5(a) repeat offender enhancement, Mills's criminal history was automatically raised to level V. Combined with a total offense level of 35, this produced an advisory Sentencing Guidelines range of 262 to 327 months of imprisonment. The enhancement did not increase the statutory maximum punishment for Mills's offense, which was life imprisonment. *See* 18 U.S.C. § 2422(b). The district court sentenced Mills within-guidelines to 300 months of imprisonment and a life term of supervised release.

Mills raises two issues on appeal: (1) whether the district court erred in determining that he qualified for the § 4B1.5(a) enhancement; and (2) whether his 300-month sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Mills raised both issues below, thus preserving them for review.

No. 16-40258

II.

A sentence is enhanced under § 4B1.5(a) when "the defendant committed the instant offense of conviction *subsequent to sustaining at least one sex offense conviction*." U.S.S.G. § 4B1.5(a) (emphasis added). Mills argues that his Texas deferred adjudication for Online Solicitation of a Minor and Indecency with a Child is not a prior "conviction" within the meaning of § 4B1.5(a). Section 4B1.5 does not expressly define the term "conviction," and neither party has identified any cases addressing the question of whether a deferred adjudication qualifies as a "sex offense conviction" for the purposes of the § 4B1.5(a) enhancement.

Whether the Sentencing Guidelines apply to a prior conviction is a question of federal law, which we review de novo. *United States v. Vasquez*, 298 F.3d 354, 356, 358 (5th Cir. 2002); *United States v. Valdez-Valdez*, 143 F.3d 196, 197–98 (5th Cir. 1998); *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997). State law can "be looked to 'for informational purposes, but we are not bound by its treatment of a . . . conviction when we apply the federal sentence-enhancement provisions.'" *Cisneros*, 112 F.3d at 1280 (quoting *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988)); *see also Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983) ("Whether one has been 'convicted' within the language of the gun control statutes is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State."). "This makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions of 'conviction.'" *Dickerson*, 460 U.S. at 112.

Under Texas law, a court may, upon receiving a guilty plea, "defer adjudication" in the case instead of entering a formal finding or judgment of guilt. This procedure is described in the Texas Code of Criminal Procedure:

4

No. 16-40258

> [W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty . . . , hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. art. 42.12, § 5(a) (West 2006). If the defendant violates a condition of community supervision, the court may then proceed to adjudicate guilt and assess a punishment. *Id.* at art. 42.12, § 5(b). If, however, the defendant successfully completes the community supervision term, the case, for most legal purposes, "disappears." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (quoting *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex. Crim. App. 1986)). "In those circumstances, the proceedings are dismissed, the defendant is discharged, and the defendant is deemed not to have a conviction for many purposes" under Texas law.[1] *Id.*

Mills concedes that this court has consistently treated Texas deferred adjudications as "convictions" under the Sentencing Guidelines.[2] However, as Mills correctly points out, the sentencing provisions examined in many of our

---

[1] Notably, there are exceptions to this general rule. For example, prior deferred adjudications for certain offenses *are* counted as "convictions" for the purpose of enhancing sentences of repeat and habitual offenders, even if the defendant successfully completed the community supervision term. This includes defendants with a previous deferred adjudication for Indecency with a Child under Texas Penal Code § 21.11. *See* Tex. Penal Code §§ 12.42(c)(2), (g) (West 2013); *Nolan v. State*, 102 S.W.3d 231, 239–41 (Tex. App. 2003); *see also* TEX. CODE CRIM. PROC. art. 42.12, § 5(c)(1) (successfully completed deferred adjudication admissible at punishment phase of subsequent conviction).

[2] *See, e.g., United States v. Washington*, 480 F.3d 309, 318 (5th Cir. 2007) (holding a deferred adjudication is a prior conviction for purposes of § 4B1.1); *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004) (holding a deferred adjudication probation is a prior conviction for purposes of § 2L1.2); *Valdez-Valdez*, 143 F.3d at 200 (holding that a deferred adjudication counts as a prior sentence for the purposes of calculating a defendant's criminal history score under §§ 4A1.1 and 4A1.2); *United States v. Stauder*, 73 F.3d 56, 56–57 (5th Cir. 1996) (noting that § 2K2.1 refers to criminal history Guidelines provisions, which state a deferred adjudication is used to calculate a defendant's criminal history); s*ee also United States v. Joslin*, 487 F. App'x 139, 144 & n.3 (5th Cir. 2012) (per curiam) (finding no plain error where district court held defendant's deferred adjudication counted as a prior conviction for purposes of subsequent federal sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)); *United States v. Guerrero*, 460 F. App'x 424, 425–26 (5th Cir. 2012) (per curiam) (same under § 4A1.2(f) and comment n.10).

prior cases provide specific interpretive clues by either expressly defining the term "conviction" or by referencing commentary indicating that deferred adjudications qualify as convictions.[3]  Therefore, we agree with Mills that, although instructive, these prior holdings do not fully resolve the meaning of "conviction" as used in § 4B1.5(a).  *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007); *Cisneros*, 112 F.3d at 1281.

Because § 4B1.5 does not expressly define "conviction," Mills urges us to depart from our prior understanding of the term and hold that, as used in § 4B1.5, "conviction" excludes deferred adjudications such as his.  Mills argues that because the term is capable of multiple meanings, this court must apply the rule of lenity and give him the benefit of the reading that results in a shorter sentence.  However, the rule of lenity is only applied where "'[a]fter seiz[ing] every thing from which aid can be derived,' the Court is 'left with an ambiguous statute.'"  *Smith v. United States*, 508 U.S. 223, 239 (1993) (alterations in original) (quoting *United States v. Bass*, 404 U.S. 336, 347 (1971)).

Mills relies on the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129 (1993), for the proposition that the term "conviction" "has long been understood" to be "ambiguous."  In fact, the Court in that case came to the opposite conclusion, rejecting a defendant's similar suggestion that "conviction," left undefined, was ambiguous as used in 18 U.S.C. § 924(c)(1), which provides a sentencing enhancement for prior convictions of crimes of

---

[3] *See, e.g.*, *Stauder*, 73 F.3d at 56–57 (noting that § 2K2.1 incorporates the definition of "conviction" used in § 4A1.1, which directs that criminal history computations should count a "diversionary disposition resulting from a finding or admission of guilt"); *United States v. Joshua*, 305 F.3d 352, 353 (5th Cir. 2002) (noting that § 4b1.1 incorporates the definition of "prior felony conviction" used in § 4B1.2, which, in turn, includes commentary stating: "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*." (emphasis added)).

violence. *Id.* at 131–32 ("[O]f course susceptibility [to multiple] meanings does not render the word 'conviction,' whenever it is used, ambiguous."). While acknowledging that "conviction," according to the dictionary, could have multiple meanings, the Court noted that the defendant had overlooked the "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Id.* at 132.

Indeed, this court has previously held that a deferred adjudication qualifies as a conviction in a federal sentencing context substantially similar to this one, and there too the term was not expressly defined. In *Cisneros*, the court concluded that a Texas deferred adjudication counted as a "prior conviction" for purposes of 21 U.S.C. § 841(b)(1)(A), which provides a sentencing enhancement if the instant offense occurs "after two or more prior convictions for a felony drug offense have become final." 112 F.3d at 1280; *see also United States v. Fazande*, 487 F.3d 307, 308 (5th Cir. 2007). The court in *Cisneros* held that a deferred adjudication constituted a conviction, because "after receiving [the defendant's] guilty plea and hearing the evidence, the [Texas] state trial court had to find that the evidence substantiated [the defendant's] guilt in order to defer proceedings without entering an adjudication of guilt." *Id.* at 1282. The court's holding followed naturally from the Supreme Court's determination in *Dickerson* that an Iowa court's "deferred" entry of judgment following a defendant's guilty plea counted as a conviction for purposes of 18 U.S.C. § 922(g), which relates to firearms offenses.[4]  460 U.S. at 113 (concluding that, for the purpose of the federal gun

---

[4] As noted in *Logan v. United States*, 552 U.S. 23 (2007), *Dickerson* was later superseded by statute, when Congress amended the statute at issue to expressly exclude convictions which have been "expunged, or set aside or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 921(a)(20).

control statute, "we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being 'convicted'"). Regardless of Texas's unique procedural circumstances, for defendants placed on probation as a result of deferred adjudication but who have not yet successfully completed that term, we note that the Supreme Court in *Dickerson* stated, "It is . . . plain that one cannot be placed on probation if the court does not deem him to be guilty of a crime." *Id.* at 113–14.

The court in *Cisneros* additionally highlighted the Government's argument that counting deferred adjudications as "convictions" under the statute "would promote the policy that defendants who obtain the advantage of a rehabilitative sentence but nevertheless continue to commit crimes should not receive further leniency." *Cisneros*, 112 F.3d at 1281. The commentary to § 4B1.5 suggests the same rationale applies here. The background in § 4B1.5 notes that Congress "directed the Commission to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors." U.S.S.G. § 4B1.5 cmt. background. Excluding an offense—for which a defendant has pleaded guilty and a judge has found that the evidence substantiates the defendant's guilt—merely because the defendant received the more lenient state order of deferred adjudication probation rather than imprisonment would appear to undermine the purpose of the enhancement.[5] The commentary additionally notes that § 4B1.5 is intended to apply "to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a continuing danger to the

---

[5] The Eighth Circuit came to a similar conclusion in *United States v. Leach*, 491 F.3d 858, 867 (8th Cir. 2007), which held that the term "conviction" as used in § 4B1.5 unambiguously applied to a defendant who had pleaded guilty to—but had not yet been sentenced for—a state sex offense at the time he committed his instant offense of conviction. The Eighth Circuit concluded that, although no final judgment of conviction had yet been entered on the state sex offense when he committed his instant federal offense, reading the term "conviction" to exclude such an offense "does nothing to effectuate the stated intent of the enhancement." *Id.* at 867.

public." *Id.* Mills's urged understanding of the term "conviction" would seem particularly adverse to this purpose in situations such as his, where a defendant quickly recommits while still under a criminal justice order for a prior sex offense. *See United States v. Daniels*, 588 F.3d 835, 837 (5th Cir. 2009) ("[A] recidivist offender . . . may not doubly benefit from the fortune of a lenient disposition in the Texas courts . . . .").

Our understanding of deferred adjudication in the context of § 4B1.5 further accords with our treatment of deferred adjudication as the functional equivalent of a final conviction in various other contexts.   For example, this court has determined that Texas deferred adjudications qualify as "final judgments" for the purpose of triggering the federal habeas limitations period. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005); *see also DeLeon*, 488 F.3d at 653–54 (holding that a Texas deferred adjudication was the "functional equivalent" of a conviction for purposes of dismissal of a 42 U.S.C. § 1983 action).   Similarly, under Texas law, deferred adjudications are immediately appealable upon entry of the initial order, triggering the 30-day limitations period for filing a notice of appeal. *See Vasquez*, 298 F.3d at 358–59.   In fact, a defendant subject to a deferred adjudication may *only* appeal issues related to the original plea proceedings—including sufficiency of the evidence—when the deferred adjudication is originally imposed, not upon revocation. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).   These state appeals proceed "in the same manner as if guilt had been determined." *Ramirez v. State*, 36 S.W.3d 660, 662 (Tex. App. 2001, pet. ref'd).

Accordingly, we hold that the district court did not err in applying the Guidelines enhancement under § 4B1.5 based on Mills's prior deferred adjudication.

III.

In the alternative, Mills contends that his 300-month sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Because Mills raised this claim in the district court, he preserved the issue for appellate review. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."). Therefore, this court reviews the constitutional issue de novo. *United States v. Lawrence*, 727 F.3d 386, 396 (5th Cir. 2013).

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual." *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (internal quotation marks and citation omitted); *see also Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). When subjecting a sentence to Eighth Amendment scrutiny, this court first "makes a threshold comparison of the gravity of the offense against the severity of the sentence." *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010). "Only if [the court] determine[s] that the sentence is 'grossly disproportionate to the offense' will [it] compare [the defendant's] sentence to sentences for similar crimes in this and other jurisdictions." *Id.* This court's "review of Eighth Amendment challenges is narrow." *United States v. Hebert*, 813 F.3d 551, 565 (5th Cir. 2015) (internal quotation marks and citation omitted). "The appellate court is not to substitute its judgment for that of the legislature nor of the sentencing court as to the appropriateness of a particular sentence; it should decide only if the sentence is within the constitutional limitations . . . ." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993). "As a result, . . . successful Eighth Amendment challenges to prison-term lengths will be rare." *Hebert*, 813 F.3d at 566 (internal quotation marks

and citation omitted); *United States v. Looney*, 532 F.3d 392, 396 (5th Cir. 2008).

*Rummel v. Estelle,* 445 U.S. 263, 265–67 (1980), "establishes a benchmark for claims of disproportionate punishment under the Eighth Amendment." *United States v. Forester*, 557 F. App'x 380, 381 (5th Cir. 2014) (per curiam) (quoting *United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997), *overruled on other grounds by United States v. O'Brien,* 560 U.S. 218 (2010)). In that case, the defendant, who had three prior non-violent felony offenses, was given a life sentence under a Texas recidivist statute for the felony offense of obtaining $120.75 under false pretenses. *Rummel,* 445 U.S. at 284–85. "Noting that the line-drawing function inherent in the determination of punishment is a matter within the discretion of the legislature," the Supreme Court upheld the life sentence, finding that it was not so grossly disproportionate as to offend the Eighth Amendment. *Gonzales*, 121 F.3d at 943; *Rummel,* 445 U.S at 285.

When compared to the *Rummel* benchmark, Mills's sentence is not grossly disproportionate to his offense. In fact, Mills's offense is more serious, and his punishment less severe, than the defendant's in *Rummel*. As the district court observed, Mills sought out an opportunity and took substantial steps to entice and coerce two children, whom he believed to be 11 and 14 years old, to engage in sexual activity. Further, Mills's sentence reflected not only "the seriousness of his most recent offense . . . as it stands alone," but also his prior criminal conduct. *McGruder*, 954 F.2d at 316 (noting that a defendant's life sentence imposed for auto burglary reflected not only the seriousness of that crime, but also took into account the defendant's prior criminal conduct pursuant to a habitual offender statute). This prior conduct involved engaging in sexually-explicit conversations online with a 16-year-old girl, picking her up

after school, and, according to the victim, exposing himself to her. The sentencing appropriately took into account Mills's past pattern of behavior, as sentencing enhancement statutes have long done. *Id.* at 316 n.3 ("Sentencing enhancement statutes have long reflected past offenses.").

Moreover, Mills, who faced a mandatory minimum of ten years and a statutory maximum sentence of life imprisonment, received a sentence within the advisory Guidelines range. 18 U.S.C. § 2422(b). This court has previously held that the Guidelines are a "convincing objective indicator of proportionality." *Cardenas-Alvarez*, 987 F.2d at 1134; *United States v. Woods*, 576 F. App'x 309, 309–10 (5th Cir. 2014) (per curiam).

Finally, we note that this court has previously upheld sentences, like Mills's, where the gravity of the defendant's offense was greater and the sentence less severe than the sentence in *Rummel*. *See Looney*, 532 F.3d at 395–97 (upholding a 548-month sentence for a 53-year old woman with no prior criminal convictions for controlled substance and firearms offenses); *Forester*, 557 F. App'x at 381 ("[W]e are unpersuaded that [the defendant's] sentence of 81 months for a fraud crime with a maximum penalty of ten years was 'grossly disproportionate.'").

Given our holdings in these cases and the Supreme Court's determination that the life sentence in *Rummel* was not grossly disproportionate to that defendant's petty and nonviolent crimes, Mills has not shown that his 300-month sentence is unconstitutionally disproportionate to his conviction for coercion or enticement of a minor. Because Mills's sentence is not grossly disproportionate to his offense, we need not compare his sentence to sentences given for similar crimes in this and other jurisdictions. *See Thomas*, 627 F.3d at 160. Accordingly, we conclude that Mills's sentence did

No. 16-40258

not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishment.

## IV.

For the aforementioned reasons, we AFFIRM the sentence imposed by the district court.