# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50838
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO YAHUACA, also known as Junior Yahuaca, also known as Antonio Yahuaca, Jr., also known as Tony Antonio Yahuaca, also known as Tony Yahuaca,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-916-8

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antonio Yahuaca appeals the 240-month below-guidelines sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Because Yahuaca committed the offense after two prior felony convictions for controlled substance offenses, his guidelines range was calculated pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the U.S.S.G. § 4B1.1 career-offender guideline.  He now argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because his sentence is grossly disproportionate to his offense.  He also contends that his presentence investigation report (PSR) should not have included two § 2D1.1 offense-level enhancements.  We review these unpreserved issues for plain error.  *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Yahuaca has failed to establish any error, let alone plain error.  His below-guidelines 240-month sentence was not grossly disproportionate to the severity of his controlled substance offense.  *See United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016), *cert. denied*, 2017 WL 949110 (U.S. Apr. 17, 2017) (No. 16-8524); *see also Rummel v. Estelle*, 445 U.S. 263, 265-67 (1980).  The § 2D1.1 offense-level enhancements reflected in his PSR were not included in the enhanced career-offender guidelines range considered by the district court at sentencing, so his challenge to those enhancements is likewise meritless.

AFFIRMED.