# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-41366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIPE RIVERA-PAREDES,

Defendant - Appellant

————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1589-1

————

Before BARKSDALE, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Felipe Rivera-Paredes appeals his 210-month sentence, imposed following his guilty-plea convictions for conspiracy to possess, with intent to distribute, marijuana, and conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Rivera claims: the court erred by enhancing his offense level according to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41366

Sentencing Guideline § 3B1.1(a), for his role as an organizer or leader; and his sentence is grossly disproportionate under the Eighth Amendment.

Regarding the enhancement, to which Rivera objected in district court, its determination a defendant is an organizer or leader under Guideline § 3B1.1(a) is a factual finding; such findings are reviewed for clear error. *E.g.*, *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). In determining a defendant's role in the offense, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error". *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). A factual finding is not clearly erroneous if, *inter alia*, it "is plausible in light of the record as a whole". *Id.*

The record shows: there were at least five participants in the criminal enterprise; and sufficient evidence supports the court's leadership adjustment. Such evidence included Rivera's recruitment of individuals to participate in the conspiracy; financing of the illegal operation; control over the Mexican operation; and control over at least one member of the conspiracy. U.S.S.G. § 3B1.1(a). Accordingly, the finding that Rivera was a leader or organizer for the purposes of Guideline § 3B1.1(a), was not clearly erroneous.

As for Rivera's claim that his 210-month sentence is grossly disproportionate under the Eighth Amendment, he did not raise this issue in district court; therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Rivera must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but, generally, should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

No. 16-41366

Rivera fails to establish the requisite clear or obvious error. His within-Guidelines sentence was not grossly disproportionate to the severity of his controlled-substance offenses. *United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1601 (2017); *see also Rummel v. Estelle*, 445 U.S. 263, 265-67 (1980).

AFFIRMED.