# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30163
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONDELL PEA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-155-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dondell Pea appeals the 240-month mandatory minimum sentence imposed following his guilty plea conviction of possession with intent to distribute 50 grams or more of methamphetamine. He argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is grossly disproportionate to his offense and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30163

because the mandatory minimum was enhanced based on a purportedly insignificant prior conviction for a felony drug offense.

Reviewing this preserved issue de novo, we find no constitutional error. *United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1601 (2017). Pea's 240-month sentence was not grossly disproportionate to the severity of his controlled substance offense. *See Mills*, 843 F.3d at 217; *United States v. Helm*, 502 F.3d 366, 368 (5th Cir. 2007). Accordingly, the 240-month sentence was not unconstitutionally cruel and unusual, regardless of the fact that it was the mandatory minimum sentence. *See Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).

AFFIRMED.