# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

No. 19-30228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES ROBERT WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-254-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

James Robert Wilson pleaded guilty of distribution of child pornography, and he was sentenced at the top of the guidelines range to a 188-month term of imprisonment and to a five-year period of supervised release. Wilson gave timely notice of his appeal.

Wilson contends that his sentence is substantively unreasonable. Sentences are reviewed for substantive reasonableness under an abuse of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). Where, as here, error has been forfeited by the failure to make a timely objection, however, our review is for plain error. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes this showing, "the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Wilson has not shown that his 188-month sentence involved an abuse of discretion, much less a clear or obvious abuse of discretion amounting to reversible plain error. *See United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1363 (2019).

A sentence imposed within a properly calculated guidelines range is presumed to be reasonable, and this court will infer that, in imposing such a sentence, the judge "considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). The presumption of reasonableness is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or reflects a clear error of judgment in balancing sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The sentence is unduly punitive, Wilson contends, and does not accurately reflect the nature of the crime. Points were added to his base offense level for various specific offense characteristics that were intrinsic to the offense, Wilson asserts, resulting in a total offense level that was

disproportionate in that it was similar to the offense levels applicable to much more serious offenses. He notes that he has no criminal history, and he argues that Sentencing Commission reports show that the sex offender Guidelines result in disproportionately harsh sentences. For the first time in his reply brief, Wilson asserts in conclusional fashion that the sex offender Guidelines are not empirically based. He complains that 15 levels were added for offense characteristics that were already accounted for in the base offense level. Wilson acknowledges that these contentions are foreclosed by *United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011), which, he contends, should be reconsidered.

Wilson's contention that the sentence did not account for his criminal history is not supported by the record. The suggestion that the Guidelines are not empirically based has been repeatedly rejected by this court. *See Miller*, 665 F.3d at 119 & n.5. The double-counting arguments advanced by Wilson have also been rejected. *See id.* at 122-23. Wilson has not rebutted the presumption that his within-guidelines sentence is reasonable and, thus, has not shown that the sentence involved an abuse of discretion. *See Cooks*, 589 F.3d at 186. No error has been shown, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Second, Wilson contends that the sentence violates his right against cruel and unusual punishment because it is excessive and grossly disproportionate. Our review is for plain error. *See United States v. Helm*, 502 F.3d 366, 367 (5th Cir. 2007). "[T]he Guidelines are a 'convincing objective indicator of proportionality.'" *United States v. Mills*, 843 F.3d 210, 218 (5th Cir. 2016) (quoting *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134

(5th Cir. 1993)).  No error has been shown, plain or otherwise.  *See Puckett*, 556 U.S. at 135; *see also Mills*, 843 F.3d at 217-18.

Wilson next asserts that the district court erred in failing to give him credit for time served in state custody.  Our review is for plain error.  *See Puckett*, 556 U.S. at 135.  The district court lacks authority to calculate a defendant's sentence as that authority is vested in the Department of Justice through the Bureau of Prisons.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).  No error has been shown, plain or otherwise.  *See Puckett*, 556 U.S. at 135; *Wilson*, 503 U.S. at 333-35.

Finally, Wilson contends that the district court erred in imposing a special condition of supervised release prohibiting him from possessing or having under his control materials containing or depicting nudity.  He contends that the condition is overly broad, imposes an unreasonable burden, and is not related to a legitimate purpose of supervised release.  Our review is for plain error.  *See Puckett*, 556 U.S. at 135; *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019).  It is doubtful whether Wilson has shown that the district court committed a clear or obvious error, and he has made no effort to satisfy the other prongs of the plain error test.  *See Puckett*, 556 U.S. at 135. The judgment is AFFIRMED.