# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2022

Lyle W. Cayce
Clerk

No. 21-30730
CONSOLIDATED WITH
No. 21-30732
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DILLON J. MERRITT,

*Defendant—Appellant.*

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-218-1
USDC No. 5:19-CR-171-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

In April 2021, a jury convicted Dillon J. Merritt on two counts of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)).  In July

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30730
c/w No. 21-30732

2021, another jury convicted Merritt on one count of kidnapping (18 U.S.C. § 1201), two counts of interstate domestic violence (18 U.S.C. § 2261), and one count of possession of methamphetamine with intent to distribute (21 U.S.C. § 841). The two cases were consolidated for sentencing purposes and Merritt's total sentence was life imprisonment, plus 600 months. His separate appeals were consolidated.

Merritt first argues that the evidence was insufficient to support his convictions on the firearms counts and the kidnapping count. Because he preserved this issue, our review is de novo. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). Our review is highly deferential to the jury's verdict. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). We view the evidence in the light most favorable to the Government and ask only whether any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *Id.* In addition, the jury "retains the sole authority to weigh conflicting evidence and evaluate the credibility of the witnesses." *United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005) (internal quotation marks and citation omitted).

The gist of Merritt's argument is that the Government's witnesses at both trials were not credible, primarily because of their admitted methamphetamine use or advanced age. We have previously stated that a challenge to the credibility of a witness "is generally not a sound basis for alleging insufficiency of the evidence on appeal" because "it is the jury's function to determine credibility." *United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995). The credibility issues were presented to the jury, which chose to believe the witnesses and to convict Merritt. Based on the evidence in the record, we conclude that a rational trier of fact could have found the essential elements of these offenses beyond a reasonable doubt. *See Chon*, 713 F.3d at 818.

Next, Merritt challenges a sentencing enhancement for obstruction of justice (U.S.S.G. § 3C1.1). This was based on statements from other inmates that Merritt asked for their help to have several witnesses killed. Because Merritt preserved this claim, we review the district court's interpretation and application of the Guidelines de novo and its factual findings, such as the obstruction of justice finding, for clear error. *See United States v. Greer*, 158 F.3d 228, 233 (5th Cir. 1998). The clear error standard is deferential and "only requires a factual finding to be plausible in light of the record as a whole." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). In light of the inmate reports, which were presented through the testimony of an FBI agent, as well as other evidence showing that Merritt has a history of threatening witnesses to his crimes, we conclude that the district court did not clearly err by imposing this enhancement.

Finally, Merritt argues that his overall sentence constitutes "cruel and unusual punishment" in violation of the Eighth Amendment. Because he failed to raise this challenge in the district court, we review for plain error. *See United States v. Ayelotan*, 917 F.3d 394, 406 (5th Cir. 2019). To establish plain error, Merritt must show (1) an error; (2) that was clear or obvious, rather than subject to reasonable dispute; (3) that affected his substantial rights; and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, brackets, and citation omitted).

In determining whether a sentence violates the Eighth Amendment because it is unconstitutionally disproportionate, we make a threshold comparison of the gravity of the offense against the severity of the sentence. *United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016). Unless we find gross disproportionality, we will not conduct a deeper inquiry into sentences for similar crimes. *Id.* We look to *Rummel v. Estelle*, 445 U.S. 263 (1980), as a benchmark for Eighth Amendment proportionality. *Mills*, 843 F.3d at 217.

In *Rummel*, 445 U.S. at 264-85, the Supreme Court rejected a disproportionate sentence challenge to a mandatory life sentence for obtaining $120.75 by false pretenses where the defendant had prior convictions for credit card fraud and a forged check.  We have also stated that "the Guidelines are a convincing objective indicator of proportionality." *Mills*, 843 F.3d at 218 (internal quotation marks and citation omitted).

Merritt's offenses of kidnapping, interstate domestic violence (including special findings of use of a dangerous weapon, causing serious bodily injury, aggravated sexual assault, and sexual abuse), possession of methamphetamine with intent to distribute, and possession of a firearm by a felon, are significantly more serious than the offense that resulted in a sentence of life imprisonment in *Rummel*.  Merritt's kidnapping and domestic violence offenses, which included the repeated rape and severe beatings of his victim, were especially heinous offenses warranting a severe sentence. Another indicator of proportionality is the fact that a sentence of life was his recommended guidelines sentence.  *See Mills*, 843 F.3d at 217.  Merritt's sentence also reflects his prior history of violent conduct.  The district court also heard testimony about Merritt's vicious beating of another woman for which he was never prosecuted due, in part, to the brain injury his victim sustained.  For all of these reasons, we conclude that Merritt's total sentence is not grossly disproportionate to the severity of his offenses and, thus, it does not violate the Eighth Amendment.  *See id.*

AFFIRMED.