# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-40675
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Clark Nix,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-355-2

———————————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

A jury convicted James Clark Nix of one count of conspiracy to commit wire fraud, one count of wire fraud, and two counts of money laundering. *See* 18 U.S.C. §§ 2, 1343, 1349, 1957. The district court sentenced him to consecutive terms of 168 months, 168 months, 120 months, and 120 months, respectively, resulting in his aggregate sentence of 576-

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

months' imprisonment.   It also ordered, *inter alia*, approximately $6.6 million in restitution.

Nix challenges the court's, over his objections, in reaching the Guidelines sentencing range, applying:   a two-level enhancement under Guideline § 2B1.1(b)(10)(C) for offense conduct involving "sophisticated means"; and a two-level enhancement under Guideline § 3B1.3 for "abus[ing] a position of public or private trust, or us[ing] a special skill, in a manner that significantly facilitated the commission or concealment of the offense".

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).   If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).   In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Nix contends Guideline § 2B1.1(b)(10)(C) should not have been applied because his scheme was straightforward and uncomplicated, and he did not attempt to conceal his fraudulent conduct.   In that regard, Nix for years prepared and filed tax returns for individuals and businesses and convinced approximately 30 of his clients to transfer funds from their retirement and savings accounts to him for investing.   Instead of investing those funds, however, Nix converted them for his personal use.   He, at the very least, generated falsified documents showing that his clients' funds were stable and had grown when, in reality, they were being used to purchase lavish

No. 22-40675

gifts for himself. "[V]iewing the scheme in its entirety, it was not clearly erroneous for the district court to conclude that [Nix's] overall conduct warranted the sophisticated means enhancement". *United States v. Miller*, 906 F.3d 373, 380 (5th Cir. 2018).

Next, and as provided *supra*, the Guideline § 3B1.3 enhancement applies if "defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense". U.S.S.G. § 3B1.3. Nix contends this enhancement should not have applied, asserting: he did not abuse a position of public or private trust, or use a special skill, because he is merely "a tax preparer, with a bachelor's degree", lacking "substantial education, training, or licensing"; and, even if he did, the record does not show he "used his accounting position or skill in any way that increased his chance of succeeding on his scheme".

Nix, as his clients' trusted and long-standing tax preparer, was entrusted with their valuable financial information, had complete control over their investment funds after they were transferred to him, and used his knowledge of taxes and retirement funds to persuade his clients to invest with him and to create the appearance of legitimacy. His victims relied on his expertise and advice to their collective detriment of over $6 million. The court did not commit clear error. *See United States v. Rorex*, 16 F.3d 1214, 1994 WL 57266, at *1–2 (5th Cir. 1994) (unpublished, but precedent pursuant to 5th Cir. R. 47.5.3) (affirming application of § 3B1.3 enhancement where defendant's background suggested he "had greater knowledge of bookkeeping and tax preparation than did the general public" and "relied upon his superior knowledge . . . to ensure the success of his scheme").

Nix additionally claims his sentence violates the Eighth Amendment. As he concedes, he did not raise this issue in district court. The failure to

3

preserve the issue results in our review being only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Nix must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Nix fails to show the requisite clear-or-obvious error in maintaining his sentence is grossly disproportionate to the severity of his offenses. *See United States v. Ayelotan*, 917 F.3d 394, 406–07 (5th Cir. 2019) (affirming on plain-error review what defendant maintained was "effective life sentence[]" for financial crime); *United States v. Mills*, 843 F.3d 210, 217 (5th Cir. 2016) ("[T]he Guidelines are a convincing objective indicator of proportionality". (citation omitted)).

Finally, we note *sua sponte* that the court at sentencing ordered Nix make $6,628,394.66 in restitution, in accordance with the presentence investigation report. The court's written judgment, however, orders restitution in the amount of $6,631,894.66. We remand for the court to amend the written judgment to conform to its oral restitution order. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) ("In this Circuit, it is well settled law that where there is any variation between the oral and written pronouncement of sentence, the oral sentence prevails." (citation omitted)); *see also United States v. Garcia*, 604 F.3d 186, 191 (5th Cir. 2010) ("Generally, we remand and direct the court to amend the written judgment to conform to the oral pronouncement.").

AFFIRMED and REMANDED to conform the written judgment to the oral pronouncement of restitution at sentencing.