# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2025

Lyle W. Cayce
Clerk

———————

No. 23-40577

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ahmad Salone,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-38-1

———————————————————————

Before Jones, Graves, *Circuit Judges* and Rodriguez, *District Judge*.[*]

Per Curiam:[†]

Ahmad Salone pled guilty to unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to forty months' imprisonment followed by three years of supervised release.

———————

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[†] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-40577

Salone raises three challenges to his conviction and correctly identifies a clerical error in the district court's judgment.

The Government initially filed a motion for summary affirmance, arguing that Salone's unpreserved constitutional challenges are foreclosed when reviewed for plain error. Salone did not oppose the motion and conceded that he did not preserve his constitutional challenges. This court denied the Government's motion and specifically requested that briefing address whether Salone preserved his Second Amendment challenge to § 922(g)(1).

Salone's first two arguments are foreclosed by this court's precedent. First, Salone argues § 922(g)(1) is facially unconstitutional. His facial challenge is foreclosed by this court's precedent. *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (2025). Second, Salone challenges the constitutionality of § 922(g)(1) on Commerce Clause grounds. His Commerce Clause argument is also foreclosed by this court's precedent. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

Third, Salone argues § 922(g)(1) is unconstitutional as applied to his conduct. His as-applied challenge was not preserved and is therefore subject to plain error review. Salone pled guilty before a magistrate judge. Salone's re-arraignment proceeding was consolidated with three other defendants in unrelated cases, each pleading guilty to unlawfully possessing a firearm as a felon under § 922(g)(1). During the joint plea colloquy, Salone's attorney orally adopted an argument raised by the attorney for the three unrelated defendants. The attorney representing the unrelated defendants informed the magistrate judge of her intention to preserve a challenge "on the Constitutionality of the law itself." The magistrate judge then asked Salone's attorney, "do you want to do that, too?" Salone's attorney

2

responded, "I will join in," to which the magistrate judge replied, "[w]e'll count it as if you said it, too." The attorney for the three unrelated defendants then stated:

> [F]or the reasons set out in our motion to dismiss, we object that the Government has any power under the Constitution to prosecute them for that conduct, because that statute violates the Second Amendment.

The unrelated attorney's statement was not sufficiently particularized to preserve Salone's as-applied challenge. "To preserve an issue for review on appeal, the defendant's objection must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the issue." *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (citation omitted). Here, the pro forma statement that the "statute violates the Second Amendment" is not "sufficiently specific to alert the [] court" to Salone's challenge to § 922(g)(1) as applied to his particular conduct. *United States v. Cisneros*, 130 F.4th 472, 476 (5th Cir. 2025) (citation omitted).

Applying plain error review, Salone's as-applied challenge fails. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024). To establish plain error Salone "must show a clear or obvious error that affected his substantial rights." *Id.* at 572. An error is not clear or obvious when an issue is disputed or unresolved, or when there is an absence of controlling authority. *Id.* at 574. Salone "must at least show error in the straightforward applications of existing cases." *Id.* (citation omitted). "Arguments that require the extension of existing precedent cannot meet the plain error standard." *Id.* Because there is no existing precedent addressing whether § 922(g)(1)'s application based on a predicate conviction for drug

possession is consistent with the Second Amendment, Salone cannot establish plain error.[1]

Fourth, Salone correctly identifies a clerical error in the district court's written judgment. The written judgment erroneously describes the nature of Salone's offense as "Felon in Possession of a Firearm and Ammunition." It should omit a reference to ammunition and state: "Felon in Possession of a Firearm."

The judgment of the district court is accordingly AFFIRMED and the case is REMANDED for the limited purpose of correcting the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.

---

[1] The Presentence Report also indicates that Salone was convicted for felony arson and sentenced to ten years of probation. The government's brief on appeal, however, states that notwithstanding the Presentence Report "the Nueces County public records indicate that the 10-year sentence was deferred adjudication community supervision." "In Texas, a court may, upon receiving a guilty plea, 'defer adjudication' in the case instead of entering a formal finding or judgment of guilt." *United States v. Mills*, 843 F.3d 210, 214 (5th Cir. 2016). We need not resolve this factual issue or determine whether a deferred adjudication qualifies as a predicate offense for purposes of § 922(g)(1) because Salone fails to show plain error given his uncontroverted predicate felony conviction for drug possession.