# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40980
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER BOCANEGRA, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-711-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges:

PER CURIAM:[*]

Javier Bocanegra Jr. appeals his conviction and 20-year sentence for conspiracy to possess with intent to distribute 24.52 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He argues that the evidence was insufficient to support his conviction because it relies upon the incredible testimony of two cooperating witnesses; because, even if the two cooperating witnesses' testimony is considered credible, it did not show that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40980

had knowledge of what was being transported by the charged conspiracy; and because it is insufficient to show the controlled substance found in the load vehicle used by the conspiracy was cocaine.  He also challenges the imposition of the 20-year mandatory minimum sentence under § 841(b)(1).

"To establish a conspiracy [under § 846], the government must prove that: (1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012).  The two cooperating witnesses testified that they conspired with Bocanegra to transport drugs across the United States-Mexico border.  This court will not revisit the district court's credibility determination of the two cooperating witnesses who corroborated each other, particularly where Bocanegra has not shown their testimony was incredible as a matter of law.  *See United States v. Chapman*, 851 F.3d 363, 376-77, 378 (5th Cir. 2017).  Moreover, the conviction did not rest exclusively on the testimony of those witnesses as their accounts of the events were corroborated by surveillance videos, phone records, and receipts.

Additionally, Bocanegra argues that the evidence was insufficient to support his conviction because the Government did not prove beyond a reasonable doubt that the controlled substance in the car was in fact cocaine.  However, as drug quantity and type are not formal elements of a conspiracy offense, any failure by the Government to prove quantity and type affects only the statutorily prescribed sentence that the court may impose.  *See United States v. Daniels*, 723 F.3d 562, 572-74 (5th Cir. 2013).  Thus, if the evidence does not support a finding that a particular drug type or quantity was involved, a defendant's conviction is not undermined.  *See id.* at 572-74.  Accordingly, when viewed in the light most favorable to the Government, the evidence was

No. 17-40980

sufficient to establish that Bocanegra conspired to distribute a controlled substance in violation of § 846. *See United States v. Smith*, 895 F.3d 410, 415-16 (5th Cir. 2018).

Finally, Bocanegra concedes that our precedent forecloses his arguments that his prior Texas deferred adjudication for a felony drug offense does not constitute a conviction for purposes of sentencing under § 841(b) and that application of the sentencing enhancement under § 841(b) violates the Full Faith and Credit Clause of the Constitution. *See United States v. Fazande*, 487 F.3d 307, 309 (5th Cir. 2007); *United States v. Cisneros*, 112 F.3d 1272, 1282 (5th Cir. 1997) (finding that a "guilty plea that resulted in a deferred adjudication was a 'prior conviction' for purposes of sentence enhancement under § 841(b)(1)(A)"). Moreover, even if he is ultimately sentenced to less than a year for the state offense, it is considered a felony drug offense because it is a final conviction that "is *punishable by* imprisonment for more than one year." *See* 21 U.S.C. § 802(44) (emphasis added); *Dickerson v. New Banner Institute*, 460 U.S. 103, 106-08, 113-14, 122 (1983).

AFFIRMED.